

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-077-CV

DAVID SCOT LYND                                                        APPELLANT

V.

NORTHWOOD MHC, L.P. D/B/A NORTHWOOD                          APPELLEE

----------

FROM THE 158th DISTRICT COURT OF DENTON COUNTY

-----------

## MEMORANDUM OPINION[1] AND JUDGMENT

-----------

On May 7, 2008, this court issued an order affirming the trial court's order sustaining a contest to appellant's affidavit of inability to pay because, after reviewing the record from the trial court's hearing on the contest, we concluded that the trial court did not abuse its discretion because the evidence supported the trial court's order sustaining the contest. Appellant subsequently filed a motion for rehearing that was denied without opinion on May 22, 2008.

---

[1] See TEX. R. APP. P. 47.4.

On June 10, 2008, we notified appellant, in accordance with rule of appellate procedure 42.3(c), that we would dismiss this appeal unless the $175 filing fee was paid on or before June 20, 2008. *See* TEX. R. APP. P. 42.3(c). Appellant has not paid the $175 filing fee.[2] *See* TEX. R. APP. P. 5, 12.1(b).

Because appellant has failed to comply with a requirement of the rules of appellate procedure and the Texas Supreme Court's order of August 28, 2007,[3] we dismiss the appeal. *See* TEX. R. APP. P. 42.3(c), 43.2(f).

---

[2] Recently, appellant submitted to the trial court an "updated affidavit of indigency" arguing that because he testifies in the affidavit that he is currently receiving governmental entitlement, pursuant to Texas Rule of Civil Procedure 145, he is indigent under the law and not required to pay costs of appeal. *See* TEX. R. CIV. P. 145. He asserts that "proof of governmental entitlement, in affidavit, is and does constitute payment, and or payment arrangements for any and all fees, required for the appeal[.]" Without addressing the improper procedure undertaken by appellant to put an amended affidavit before the court, or the merits of his assertion, while testimony that a person is on public assistance establishes a prima facie case of indigence, this prima facie showing may be rebutted by evidence that he is not dependent on the assistance or that other funds are available. *Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 351 (Tex. 1996). The test for indigence is whether the party would be able to pay costs "if he really wanted to and made a good faith effort to do so." *Id.*

[3] *See* Supreme Court of Tex., *Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation*, Misc. Docket No. 07-9138 (Aug. 28, 2007) (listing fees in courts of appeals).

Appellant shall pay all costs of this appeal, for which let execution issue.

*See* TEX. R. APP. P. 43.4.

PER CURIAM

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  June 26, 2008